In the Matter of the Claim of Carrie Kaminsky, as Administratrix of the Estate of Etta A. Tienken, Deceased, et al., Respondents, against Republic Aviation Corporation et al., Appellants. Workmen's Compensation Board, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. The employee injured his arm December 26, 1950, and was disabled to July 10, 1951. On March 26, 1952, a schedule award of 40% of the right arm was fixed. Shortly after the period of disability had ceased, the employee died on July 27, 1951, from causes unassociated with the accident. On that date he was survived by a widow and a child under eighteen years of age. But before the schedule award was made on March 26, 1952, the widow also died on February 7, 1952, and also before the award was made the child, on February 18, 1952, became eighteen years of age. The board directed that one half of the schedule award for the period from the accident to the date of

the widow's death be paid to the widow's estate, and that the balance of that one half be paid to the son; and that the other one half of the award be paid to the son. The statute (Workmen's Compensation Law, § 15, subd. 4) provides that a schedule award in the case of death of the claimant arising from causes other than the injury be payable one half to the surviving wife and one half to the surviving child or children under the age of eighteen. Appellants argue that the word "surviving" is related to the date of the award, which in this case would mean that there was then (March 26, 1952) no surviving wife and then no surviving child under eighteen years of age. But it is clear from the context of the statute that "surviving" means living after the death of the claimant, since that is the event to which the statute is directed. The award merely fixes rights which the claimant had at the time of the accident, and since the money arising from those rights, owned by him and his property, is not payable to him because of his death, the statute seeks to preserve their continuance to persons occupying a described status. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.